## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHERINE COFFMAN, | Case No. _____ |
| Plaintiff, | |
| | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| v. | |
| MERIDIAN BIOSCIENCE, INC., JACK KENNY, JOHN C. MCILWRAITH, JAMES M. ANDERSON, ANTHONY P. BIHL III, DWIGHT E. ELLINGWOOD, JOHN M. RICE, CATHERINE A. SAZDANOFF, and FELICIA WILLIAMS, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Catherine Coffman ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE AND SUMMARY OF THE ACTION

1.      This is a stockholder action brought by Plaintiff against Meridian Bioscience, Inc. ("Meridian Bioscience" or the "Company") and the members of Meridian Bioscience's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell Meridian Bioscience to SD Biosensor, Inc.

("SD Biosensor") and SJL Partners, LLC ("SJL," and together with SD Biosensor, the "Buyer Consortium") (the "Proposed Transaction").

2.     On July 7, 2022, Meridian Bioscience entered into an Agreement and Plan of Merger with SD Biosensor, Columbus Holding Company ("Columbus Holding") and Columbus Holding's direct wholly owned subsidiary Madeira Acquisition Corp. (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Meridian Bioscience shareholders will receive $34.00 in cash for each Meridian Bioscience common share (the "Proposed Transaction"). Following the completion of the Proposed Transaction, SDB will own approximately 60% of Columbus Holding and SJL will control (directly or through its affiliate) a special purpose vehicle that will own approximately 40% of Columbus Holding.

2.     On September 8, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Meridian Bioscience stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Rothschild & Co US Inc. ("Rothschild"); and (iii) the background of the Proposed Transaction.

3.     The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Meridian Bioscience stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

4.     The special meeting for Meridian Bioscience stockholders to vote on the Proposed Transaction is currently scheduled for October 10, 2022.  It is imperative that such Exchange Act

violations are promptly cured to enable Plaintiff and Meridian Bioscience's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Meridian Bioscience's common stock trades on the Nasdaq Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

8.      Plaintiff is, and has been at all relevant times, the owner of shares of Meridian Bioscience common stock.

9.      Defendant Meridian Bioscience is an Ohio corporation, with its principal executive offices located at 3471 River Hills Drive, Cincinnati, Ohio 45244.  Meridian Bioscience's shares trade on the Nasdaq Global Select Market under the ticker symbol "VIVO."

10.     Defendant Jack Kenny has been the Company's Chief Executive Officer and a director of the Company at all relevant times.

11.     Defendant John C. McIlwraith has been Chairman of the Board and a director of the Company at all relevant times.

12.     Defendant James M. Anderson has been a director of the Company at all relevant times.

13.     Defendant Anthony P. Bihl III has been a director of the Company at all relevant times.

14.     Defendant Dwight E. Ellingwood has been a director of the Company at all relevant times.

15.     Defendant John M. Rice has been a director of the Company at all relevant times.

16.     Defendant Catherine A. Sazdanoff has been a director of the Company at all relevant times.

17.     Defendant Felicia Williams has been a director of the Company at all relevant times.

18.     Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

19.     Meridian Bioscience is a life science company that develops, manufactures, distributes, and sells diagnostic test kits primarily for gastrointestinal and respiratory infectious diseases, and elevated blood lead levels worldwide.  The Company operates through two segments: Diagnostics and Life Science.  The Diagnostics segment offers testing platforms, including real-

time polymerase chain reaction ("PCR") amplification under the Revogene brand; isothermal DNA amplification under the Alethia brand; lateral flow immunoassay using fluorescent chemistry under the Curian brand; rapid immunoassay under the ImmunoCard and ImmunoCard STAT! brands; enzyme-linked immunoassays under the PREMIER brand; anodic stripping voltammetry under the LeadCare brands; and urea breath testing for H. pylori under the BreathID and BreathTek brand.   This segment also offers respiratory illness assays, such as tests Group A strep, mycoplasma pneumonia, influenza, and pertussis; and blood chemistry products for LeadCare test kits for the detection of lead in blood.  The Life Science segment offers bulk antigens, antibodies, PCR/qPCR reagents, nucleotides, and bioresearch reagents used by in vitro diagnostic manufacturers, as well as researchers in immunological and molecular tests for human, animal, plant, and environmental applications.

**The Proposed Transaction**

20.     On July 7, 2022, Meridian Bioscience announced that it had entered into the Proposed Transaction, stating, in relevant part:

> CINCINNATI and SEOUL, South Korea, July 7, 2022 /PRNewswire/ -- Meridian Bioscience, Inc. ("Meridian" or the "Company") (NASDAQ: VIVO), a leading global provider of diagnostic testing solutions and life science raw materials, and SD Biosensor, Inc. ("SDB") (KOSE: A137310) and SJL Partners LLC ("SJL") (collectively, the "Consortium") announced today that they have entered into a definitive merger agreement whereby a newly formed affiliate vehicle of the Consortium will acquire Meridian in an all-cash transaction valued at approximately $1.53 billion.
>
> Under the terms of the agreement, Meridian shareholders will receive $34.00 per share in cash, which represents a premium of approximately 32% over Meridian's closing stock price on the day before the Consortium's first offer before the market open on March 18, 2022 (closing price on March 17, 2022 was $25.67) and a premium of 16% based on the one-month average price per share of common stock commencing June 7, 2022.
>
> John C. McIlwraith, Meridian's Chairman, said, "This announcement follows an extensive and deliberate review of Meridian's growth and value creation

opportunities in the context of the broader macroeconomic and industry environment. In consultation with external financial advisors and following outreach to potential strategic and financial partners, the Board unanimously agreed that this transaction represents the best path forward for Meridian shareholders, providing them with immediate, compelling and certain value, while enabling the Company to benefit from SDB's and SJL's capital support, expertise and experience."

"We are excited to announce this new chapter for Meridian after the many years spent transforming the Company for sustainable growth," commented Jack Kenny, Meridian's Chief Executive Officer. "In addition to delivering immediate and significant value to our shareholders, we believe the transaction will enhance our ability to serve customers as we navigate the decline in COVID-19 testing demand and develop new products with the benefit of SDB's industry expertise and complementary offerings. Current and prospective employees around the world will also benefit from an even stronger Meridian supported by SDB's and SJL's financial backing and experience. I look forward to working with SDB and SJL and the rest of our Meridian team to build long-term strength and drive further growth in the diagnostics space."

Dr. Young Shik Cho, Chairman of SDB, representing the Consortium said, "We are pleased to be a family with Meridian Bioscience as a great partner for accelerating our entry into the U.S. IVD market. I believe that SD Biosensor's R&D capabilities and mass production know-how, Meridian Bioscience's U.S. distribution network and expertise in the regulated U.S. market, and SJL Partners' strong management expertise will enable compelling synergies."

Steve Sukjung Lim, Chairman and Managing Partner of SJL, said, "We are eager to begin this partnership with the Meridian team. The combination of Meridian's product commercialization team with deep expertise in the regulated U.S. market, SDB's broad product portfolio and scale manufacturing expertise, and SJL's execution experience and partnership model will further position the Company for long-term success."

**TRANSACTION DETAILS**

Completion of the transaction is not contingent on any financing condition. SDB, which is obligated to ensure that the Consortium funds the acquisition, will do so, together with SJL, through a combination of cash on hand and additional financing capacity, leveraging its strong balance sheet. Under the terms of the merger agreement, which has been unanimously approved by the boards of directors of Meridian and SDB, and the investment committee of SJL, the newly formed vehicle will acquire 100% of the outstanding shares of the Company. The transaction is subject to approval by Meridian shareholders, receipt of required regulatory approvals, the absence of specified materially adverse outcomes of Meridian's previously disclosed and ongoing investigation by the U.S. Department of Justice,

and other customary closing conditions. The transaction is expected to close in the fourth calendar quarter of 2022. Upon completion of the transaction, it is expected that SDB will own approximately 60% and SJL will own approximately 40% of Meridian.  Meridian will no longer be traded or listed on any public securities exchange.

The Consortium intends to operate Meridian as an independent entity following the completion of the transaction and the Company's leadership team and headquarters are expected to remain in place.

**The Materially Incomplete and Misleading Proxy Statement**

21.     On September 8, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC.  The Proxy Statement, which recommends that Meridian Bioscience stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Rothschild; and (iii) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning Meridian Bioscience's Financial Projections*

22.     The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

23.     For example, with respect to the Company's financial projections, the Proxy Statement fails to disclose the line items underlying the calculation of: (i) Adjusted EBITDA; and (ii) Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Rothschild's Financial Analyses*

24.     The Proxy Statement fails to disclose material information concerning Rothschild's financial analyses.

25.     With respect to Rothschild's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the terminal year unlevered free cash flows; (ii) the Company's terminal values; (iii) the inputs and assumptions underlying the discount rates ranging from 9.5% to 11.0%; (iv) the Company's debt and government grants as of May 31, 2022; (v) the Company's consolidated cash and cash equivalents as of May 31, 2022; and (vi) the Company's fully diluted outstanding shares.

26.     With respect to Rothschild's *Selected Publicly Companies Analysis* and *Selected Precedent Transactions Analysis*, the Proxy Statement fails to disclose: (i) the individual financial metrics for each of the selected companies and transactions analyzed by Rothschild, respectively; and (ii) the value of Meridian Bioscience's debt, government grants, and other debt-like items, and consolidated cash and cash equivalents, each as of May 31, 2022, utilized in the analyses.

27.     With respect to Rothschild's premiums paid analysis, the Proxy Statement fails to disclose: (i) the transactions analyzed; and (ii) the individual premiums observed for each transaction.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

28.     The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction.

29.     Specifically, the Proxy Statement fails to disclose the terms of the confidentiality agreements the Company entered into with other parties during the process leading up to the Proposed Transaction, including whether any confidentiality agreements contain a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding a party submitting a topping bid for the Company.

30.     In sum, the omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Meridian's Financial Advisor," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Meridian Bioscience will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Meridian Bioscience**

31.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Meridian Bioscience is liable as the issuer of these statements.

33.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

34.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on

the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

36.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

37.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40.     The Individual Defendants acted as controlling persons of Meridian Bioscience within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Meridian Bioscience and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

43.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Meridian Bioscience, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  September 19, 2022                          **ACOCELLI LAW, PLLC**

By   */s/ Richard A. Acocelli*
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*